RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 WEST MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

**UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br><br>Plaintiff,  <br><br>v.  <br><br>ERIK KONRAD EHRLIN,  <br><br>Defendant. | Case No. 1:21-cr-145-BLW  <br><br>**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** |

The United States, by and through undersigned counsel, respectfully submits this Memorandum in Support of its Motion for Pretrial Detention pursuant to The Bail Reform Act, Title 18, United States Code, Section 3142. As explained herein, the Government seeks the continued pretrial detention of defendant Erik Konrad Ehrlin ("Ehrlin") both as a risk of non-appearance and as a danger to the safety of others and the community.

**I.   FACTS**

On May 11, 2021, a Boise grand jury returned a Criminal Indictment charging Ehrlin with the unlawful possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Ehrlin was already in custody on related state charges for aggravated battery, unlawful possession of a firearm, resisting and obstructing officers, misdemeanor possession of a controlled substance,

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 1

and possession of drug paraphernalia. The State dismissed these charges on May 14, 2021, allowing the Government to proceed in federal court. Based on the evidence adduced from its investigation to date, the Government proffers the following in support of its motion for pretrial detention:

### A. Background

In March and April of 2021, the United States Forest Service (USFS) investigated a series of vandalism incidents where an individual marked Forest Service signs and property with markers and spray paint. The vandalism contained the emblem "SAI," which purported to stand for the Sovereign Alliance of Idaho.




The vandalism also contained threats to shoot federal employees.

 

Investigators developed a lead on a possible suspect when a witness in the Mann Creek area observed a freshly fallen tree while on a hike. When returning, the witness observed the tree had been spray painted with the letters SAI and "Do Not Enter." There was similar insignia and paint on adjacent snow. The witness had only observed one individual in the immediate vicinity. The witness provided a report of the vandalism and a description of the individual to law enforcement.

USFS Special Agent Amy Harvey (SA Harvey) located an unoccupied camp trailer in the Mann Creek area that was registered to Ehrlin. The physical description from the witness matched the information for Ehrlin contained in an Idaho database. Idaho Fish and Game also reported two separate contacts with Ehrlin in the general area and provided information about a vehicle Ehrlin was associated with, a gray Nissan pickup. A criminal history check revealed Ehrlin is a convicted felon.

Other individuals in the area reported seeing a male that matched the description of Ehrlin and his trailer in multiple locations where graffiti was later discovered. On April 14, 2021, SA Harvey recovered a "Spartan Armor" cardboard box with numerous mid to large caliber bullet holes. The target had been left in a camp area near Mann Creek. Other campers present at the location indicated an individual similar in description to Ehrlin had been camping there prior to their arrival. The backside of the box contained neon pink spray paint forming a circular target and bullseye pattern. The paint was similar in color to graffiti in the surrounding area. Expended 9mm and .22 long rifle caliber shell casings were recovered in the same location.

SA Harvey also located a paper plate that appeared to have been left as a directional marker. The name "NATASHA" was written on the paper plate in black marker and the handwriting appeared similar to that left on one of the tagged signs. Further investigation revealed Ehrlin is in a relationship with a woman named Natasha.

B.      Contact on April 30, 2021

On the afternoon of April 30, 2021, SA Harvey and a Washington County Sheriff's Deputy (the Deputy) contacted Ehrlin at a campsite off Forest Service Road 19 in the Upper Mann Creek Recreation area. As the Deputy arrived at the site, he observed Ehrlin walk behind a camper while carrying a child in backpack. In the space underneath the trailer, the Deputy observed a semi-automatic rifle fall to the ground and Ehrlin pick the rifle back up. Ehrlin then emerged from behind the camper, now carrying the child in his arms. SA Harvey and the Deputy contacted Ehrlin and Ehrlin's mother and briefly talked about the graffiti in the area. SA Harvey then asked to speak with Ehrlin away from his mother and child to address the potential federal firearm violation. Ehrlin denied being "Erik Ehrlin" and SA Harvey requested he retrieve his identification. Ehrlin stated his wallet was in his vehicle and walked behind the

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 4

camper. SA Harvey followed. The Deputy walked around the opposite side of the camper and located the rifle depicted below, then leaning up against the camper. The Deputy asked if he could clear the rifle and Ehrlin replied, "it's not loaded." The Deputy picked the rifle up and removed a loaded magazine. There was not a round in the chamber, however.



Around this time, Ehrlin handed his child off to his mother, then walked over to his pickup truck. Ehrlin opened the door and appeared to be reaching low, near the front driver's seat. Ehrlin then entered the truck and locked the door. SA Harvey attempted to open the door and told Ehrlin to stop. Ehrlin looked directly at SA Harvey.



Next, Ehrlin accelerated while in reverse, striking SA Harvey with his sideview mirror on SA Harvey's ballistic vest and body camera. The screen capture below, from the Deputy's body camera, shows SA Harvey directly in the line of travel of the truck's tire.



As Ehrlin began to flee, SA Harvey fired three rounds into the truck's front right tire, puncturing it and causing it to deflate. Ehrlin was ordered out of his vehicle at gunpoint and arrested. Incident to Ehrlin's arrest, the Deputy searched Ehrlin's person. In Ehrlin's pants pocket, the Deputy located a Boise Police badge. Ehrlin claimed he and his mother had found the badge while out hiking. The badge was not weathered, either on the shield or leather. Ehrlin is not, nor has he ever been, a law enforcement officer.



### C. Searches of the Truck, Residence, and Camper

A search was conducted of Ehrlin's pickup truck after his arrest. Later, his residence and camper were searched pursuant to a federal search warrant. In the truck, under the driver's side floormat, directly where Ehrlin appeared to reach before entering the vehicle, SA Harvey located a loaded 9mm handgun.



GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 7

In the driver's side door was spray paint and markers, consistent with that used in the vandalism and threats.

 

In the center console was a red and blue LED light, handcuffs, and a "POLICE" patch.

 

In the backseat, a ballistic vest was located made by "Spartan Armor," the same brand as the cardboard box left in the camp area near Mann Creek. The vest has velcro attachments where the POLICE patch could be affixed to. Due to Ehrlin's conviction for First Degree Sexual Abuse, he cannot lawfully possess the ballistic vest (also known as body armor). *See* 18 U.S.C. § 931.



At Ehrlin's residence, agents located two .22 caliber firearms on the kitchen table.



A journal was also located that contained a "Sovereign Citizen's Oath." This same oath was found written on USFS property. The journal also contained references to SAI and the statement, "McLean, who's got your 6? S.A.I."



Finally, in Ehrlin's truck, agents located a bag that contained heavy-duty zip ties, duct tape, rubber gloves, a balaclava face mask, a flashlight, high-capacity magazines, and a bag of 7.62x39mm caliber ammunition.



GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 10

The ammunition contained writing on many of the cartridges. The writings included, "DIE McLean," "FUCK FEDS," and "FUK BLM."



## II.   ARGUMENT

The Bail Reform Act provides that a judicial officer shall detain a defendant pending trial where "no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 11

Detention is appropriate where a defendant poses either a danger to the community or a risk of non-appearance and it is not necessary to prove both. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government must establish by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of the evidence that the defendant is a risk of non-appearance. *Id.*

In determining whether pretrial detention is appropriate, Section 3142 provides four factors for the Court to consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); 18 U.S.C. § 3142(g).

At the detention hearing, the Court may properly rely upon a proffer by counsel in determining a defendant's danger to the community or risk of flight. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by proffer or hearsay."); *see also United States v. Cabrera-Ortigoza*, 196 F.R.D. 571, 575-76 (S.D. Cal. 2000) ("The use of proffers and hearsay evidence are a necessary ingredient to the effective working of the Bail Reform Act, and prevention of a mini trial, or an early discovery expedition further facilitates those goals. Discovery is provided at the appropriate time and in the manner provided for in the Federal Rules and relevant statutes.").

### A.     Nature and Circumstances of the Offense

The nature of the offense is serious. Ehrlin is a convicted felon and was caught in possession of a semi-automatic rifle with a high-capacity magazine. When confronted with his crime, Ehrlin lied about his identity and attempted to flee from law enforcement. In doing so, Ehrlin looked directly at SA Harvey, accelerated his truck while in reverse, and struck her. Ehrlin likely faces additional charges. Furthermore, Ehrlin possessed numerous to impersonate a

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 12

police officer.  These items include an actual Boise Police badge, a red and blue LED light, a ballistic vest, a POLICE patch, and tactical pants like those worn by Washington County Deputies.  This is especially concerning because Ehrlin also possessed heavy duty zip-ties (also known as flex cuffs), metal handcuffs, duct tape, gloves, a black balaclava mask, and ammunition with the names of individuals and entities on the cartridges.  The combination of these items demonstrates this case is different than the standard unlawful possession of a firearm case.  The nature and circumstances of the offense support detention.

### B.     Weight of the Evidence

Ehrlin is charged with Unlawful Possession of a Firearm, 18 U.S.C. § 922(g)(1).  The evidence establishing his guilt is strong.  Officers located a total of four firearms in Ehrlin's possession.  The Deputy observed Ehrlin physically touching the semi-automatic rifle in the campsite and Ehrlin admitted to possessing that firearm.  The Smith and Wesson pistol located in Ehrlin's truck was on the driver's side floorboard, directly under where he was seated.  Ehrlin later admitted to knowing it was there, although he claimed it was owned by his girlfriend.  Further, the two firearms in Ehrlin's home were located on the kitchen table.  Both firearms were .22 caliber.  Throughout the investigation, agents and officers located .22 caliber shell casings near campsites where Ehrlin stayed.  Ehrlin has been convicted of a crime punishable by imprisonment for a term exceeding one year and served more than one year in prison.  The FBI examined the firearms and determined all moved in interstate and/or foreign commerce.  Thus, there is substantial evidence establishing Ehrlin's guilt.

### C.     Ehrlin's History and Characteristics Demonstrate the Danger and Risk of Non-Appearance He Poses

Ehrlin has a history that includes a sex offense against children and felony theft.  He faces a potentially lengthy prison sentence if convicted of the current charge.  He has a strong

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 13

incentive to flee because of the likelihood of a significant prison sentence if he is convicted. *United States v. Townsend*, 897 F.2d at 995 ("[F]acing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight."). Furthermore, Ehrlin already attempted to flee from law enforcement when confronted with the instant offense and demonstrated he would not hesitate to use his vehicle as a weapon to flee. Finally, Ehrlin demonstrated animosity and hatred towards federal employees that indicates he will not respect or follow orders of the court, including orders to appear. Ehrlin poses a significant risk of flight.

### D.  Ehrlin Poses A Significant Danger to the Community

Ehrlin's conduct on April 30, coupled with the items found in his possession, demonstrate a serious danger to the community. As noted above, Ehrlin demonstrated he is willing to use violent force to evade capture. But the danger he poses goes well beyond that. He identifies as a sovereign citizen and does not adhere to federal authority. Ehrlin wrote express threats about shooting federal employees. And most significantly, Ehrlin possessed all the items needed to impersonate a police officer, to restrain an individual, and to do serious harm to others, including four firearms and over a thousand rounds of ammunition. The ammunition with names and entities on them, coupled with Ehrlin's ideology, dispels any innocent explanation for these items.



### E. Only Pretrial Detention Will Reasonably Assure the Safety of Others and the Community and the Defendant's Future Appearance

Even the most stringent of conditions are insufficient to assure the safety of the community or the appearance of Ehrlin given that ultimately, they must rely on the Ehrlin's good faith compliance. *See United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (Noting that although the defendant and pretrial services proposed "strict' conditions, "they contain[ed] one critical flaw. In order to be effective, they depend on [the defendant's] good faith compliance."); *see also Tortora*, 922 F.2d 880, 886 (1st Cir. 1990) (concluding that an extensive set of release conditions contained "an Achilles' heel . . . virtually all of them hinge[d] on the defendant's good faith compliance"). In *Tortora*, an alleged member of a prominent mafia family stood trial for crimes under the racketing and organized crime statute. The First Circuit considered the elaborate conditions proposed that would restrict any communications with the defendant's

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 15

cohorts.  Ultimately, the court rejected those conditions, recognizing that "the conditions as a whole are flawed in that their success depends largely on the defendant's good faith-or lack of it.  They can be too easily circumvented or manipulated."  *Tortora*, 922 F.2d at 886.

Such considerations are doubly present here.  Ehrlin demonstrated disdain for federal employees by vandalizing USFS property with threats.  This ideology was confirmed when law enforcement located ammunition in Ehrlin's possession with the phrase "FUCK FEDS" written on it.  When confronted by a federal agent regarding his unlawful possession of a firearm, Ehrlin used his vehicle as a weapon and tried to evade arrest.  This anti-federal government ideology demonstrates Ehrlin will not abide by orders from a federal judge, nor a federal probation officer.

### III.    CONCLUSION

For the reasons stated herein, Ehrlin is a danger to the community and poses a risk of non-appearance.  No condition or combination of conditions will reasonably assure the safety of others or his appearance at future proceedings.  Accordingly, the Government respectfully requests that the Court order Ehrlin detained pending trial.

Dated this 25th day of May, 2021.

> RAFAEL M. GONZALEZ, JR.
> ACTING UNITED STATES ATTORNEY
> By:
>
> */s/ Francis J. Zebari*
> FRANCIS J. ZEBARI
> Assistant United States Attorney

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 16

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2021, the foregoing **GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Miles Pope<br>Miles_Pope@fd.org<br>*Attorney for Erik Konrad Ehrlin* | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

*/s/ Morgan McReynolds*
Legal Assistant